UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-61818-DAMIAN/VALLE

KATHLEEN EDWARDS and
SEAN LANGSHAW,

    Plaintiffs,

v.

DARDEN GROUP, INC.,
DARDEN RESTAURANT, INC.,
DARDEN CORPORATION,
GMRI, INC.,

    Defendants.

_____/

## OMNIBUS ORDER ON PROCEDURAL MOTIONS

THIS CAUSE is before the Court upon: (i) Defendants' Motion to Dismiss (ECF No. 6); and (ii) pro se Plaintiffs' (a) Motion for Sanctions (ECF No. 1-1 at 93-100); (b) Motions to Remand to State Court and related Affidavit in Support of Motion to Remand and Request for Alternate Filing Method Due to Financial Hardship (ECF Nos. 7, 9, 11); (c) Motion for Relief Due to Financial Hardship and Request for Assistance in Remand to State Court (ECF No. 12); (d) Motion to Recognize Defendants' Unfair Advantage in Removal to Federal Court Due to Plaintiffs' Indigent Status and Lack of Resources (ECF No. 13); (e) Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 14); and (f) Motion for Summary Judgment (ECF No. 26) (collectively, the "Motions"). United States District Judge Melissa Damian has referred this action to the undersigned for rulings on all discovery and pre-trial non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters. *See* (ECF No. 25).

Having reviewed the record, the Motions, the Responses (ECF Nos. 17, 19, 22, 24), the Replies (ECF Nos. 18, 23), and being otherwise duly advised in the matter, it is hereby **ORDERED AND ADJUDGED** as set forth below.

## I.     BACKGROUND

Plaintiffs Kathleen Edwards and Sean Langshaw (Edward's alleged common-law husband), both proceeding without counsel, commenced this action in the Seventeenth Judicial Circuit in and for Broward County, Florida against Defendants Darden Group, Inc., and Darden Restaurant, Inc. ("Defendants"),[1] alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act of 1963 ("EPA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), the Genetic Information Nondiscrimination Act of 2008 ("GINA"), the Florida Civil Rights Act ("FCRA"), and the Florida Equal Pay Law. *See* (ECF No. 1 at 1, 2). According to the State Court docket, although the initial Complaint was filed on June 28, 2024, no summons was issued until August 7, 2024. (ECF Nos. 1-1 at 7, 1-4 at 3). On August 7, 2024, a summons was issued for Defendant Darden Group, Inc. (ECF Nos. 1-4 at 3, 17-1 at 2). Thereafter, on September 10, 2024, the Orange County Sheriff's Office executed service on Defendants Darden Group Inc. d/b/a Darden Restaurants, Inc. (ECF No. 17-1 at 2). Subsequently, Defendants removed the case to federal Court on September 30, 2024. (ECF No. 1). The Motions followed and each is addressed below.[2]

---

[1] Plaintiffs have since amended the Complaint to add Defendants Darden Corporation and GMRI, Inc. *Compare* (ECF No. 1), *with* (ECF No. 10) ("Amended Complaint"). Neither Defendant Darden Corporation nor GMRI, Inc. are parties to the Motions in this Omnibus Order because neither have been served to date.

[2] Although Plaintiffs' Motion for Sanctions (ECF No. 1-1 at 93-100) was initially filed in State Court, that motion is now before this Court following removal.

II. **PLAINTIFFS' MOTION FOR SANCTIONS (ECF NO. 1-1 at 93-100)**

Plaintiffs seek sanctions against Defendants for "failing to comply with procedural rules and Court's directives regarding service of process." (ECF No. 1-1 at 93). Without statutory or legal authority, Plaintiffs argue that the corporate Defendants failed to timely respond to the initial Complaint in State Court. *Id.*

Relevant to Plaintiffs' motion for sanctions, a Florida corporation "may be served with process required or authorized by law by service on its registered agent[.]" Fla. Stat. § 48.081(2). Service on the registered agent, in turn, is made by "delivering a copy of [the summons] to [the registered agent] . . . and informing the person of their contents." Fla. Stat. § 48.031(1)(a). The statutes regarding service of process on corporations "must be strictly construed and strictly complied with." *Lisa, S.A. v. Gutierrez*, 806 So. 2d 557, 559 (Fla. 3d DCA 2002); *see also Seymour v. Panchita Inv. Inc.*, 28 So. 3d 194, 198 (Fla. 3d DCA 2010).

Here, contrary to Plaintiffs' assertions, the record reflects that the Orange County Sheriff's Office served Defendant Darden Group, Inc. d/b/a Darden Restaurants, Inc., on September 10, 2024, at 1000 Darden Center Drive, Orlando, FL 32837. (ECF No. 17-1 at 2). Therefore, under Florida's Rules of Civil Procedure, Defendants had 20 days from September 10, 2024, to answer Plaintiffs' initial Complaint. Fla. R. Civ. P. 1.140(a)(1). On the 20th day, however, Defendants timely removed the case to this Court. This chronology does not reflect sanctionable conduct by Defendants regarding service of process.

Plaintiffs' arguments regarding: (i) Plaintiffs' previous attempts to serve Defendants via certified mail; and/or (ii) Defendants' communications to Plaintiffs regarding potentially arbitrating the alleged dispute between the parties, *see* (ECF No. 1-1 at 93-94), do not change the Court's conclusion that sanctions are unwarranted. To be clear, at the time Plaintiffs filed their Motion for

Sanctions in State Court (August 7, 2024), Defendants had not been served. Furthermore, Plaintiffs' argument (raised for the first time in their Reply) that Federal Rule of Civil Procedure 11 is a basis for sanctions is unavailing at this stage of the litigation. *See* (ECF No. 18 at 2). Accordingly, Plaintiffs' Motion for Sanctions (ECF No. 1-1 at 93-100) is **DENIED**.

### III. PLAINTIFFS' MOTIONS TO REMAND TO STATE COURT, AFFIDAVIT IN SUPPORT OF MOTION TO REMAND, AND REQUEST FOR ALTERNATE FILING METHOD DUE TO FINANCIAL HARDSHIP (ECF NOS. 7, 9, 11, 12)

Pro se Plaintiffs have filed several duplicative motions/filings requesting that the case be remanded to State Court based on Plaintiffs' purported limited resources and inability to meet this Court's requirements for case filings. *See generally* (ECF Nos. 7, 9, 11, 12). Plaintiffs also argue that State Court is the better forum to adjudicate their "intertwined state and federal claims." (ECF No. 7 at 2, 3). Plaintiffs' request for remand, however, is denied for several reasons.

First, Defendants have properly removed this action based on federal question jurisdiction. More specifically, in a motion to remand, the removing parties (i.e., Defendants) bear the burden of establishing the existence of federal jurisdiction. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. *Id.*; 28 U.S.C. § 1441(a), (b). Federal question jurisdiction exists if the lawsuit "arises under" the "Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(b). The determination of whether federal question jurisdiction exists must be made on the face of the complaint. *Pacheco*, 139 F.3d at 1373; *Daout v. Greenspoon Marder, P.A.*, No. 13-CV-20305, 2013 WL 2329931, at *2 (S.D. Fla. May 28, 2013). Unless removal was improper, a motion to remand must be denied as a plaintiff may only avoid federal jurisdiction by exclusive reliance on state law. *Trump Media & Tech. Grp. Corp. v. ARC Global Investments II LLC*, No. 24-CV-02161, 2024 WL 4212175, at *2 (M.D. Fla. Sept. 17, 2024) (citing *Caterpillar Inc.*

4

*v. Williams*, 482 U.S. 386, 392 (1987)). Although the mere presence of a federal issue in a state action does not automatically confer federal question jurisdiction, *see Daout*, 2013 WL 2329931 at *4, here Plaintiffs concede that their initial Complaint alleged "intertwined state and federal claims." (ECF No. 7 at 2, 3). Indeed, in addition to several Florida state claims, the initial Complaint alleged violations of federal law under Title VII, the EPA, the ADEA, the ADA, and the GINA.[3] *See* (ECF No. 1 at 1, 2). Accordingly, Defendants properly removed the initial Complaint to federal court pursuant to federal question jurisdiction.

Next, the identity of Plaintiff Edward's employer (whether GMRI, Inc., or another entity), *see generally* (ECF No. 11), has no bearing on the propriety of Defendants' removal of the case to federal court. Nor do Plaintiffs' arguments about their purported "barriers to access" and suffering an "undue burden" if required to litigate in federal court. *See* (ECF Nos. 7 at 6, 11 at 2, 12 at 1). To the contrary, Plaintiffs' numerous filings to date and consent to receive Notices of Electronic Filing (ECF No. 15) in this case belie Plaintiffs' arguments regarding barriers or undue burden for litigating in federal court.

Accordingly, Plaintiffs' Motions to Remand to State Court, Affidavit in Support of Motion to Remand and Request for Alternate Filing Method Due to Financial Hardship (ECF Nos. 7, 9, 11, 12) are **DENIED**.[4]

---

[3] This Court *may* have supplemental jurisdiction over Plaintiffs' State law claims insofar as all of Plaintiffs' claims arise out of the same alleged facts (e.g., Plaintiff Edward's alleged employment at Cheddar's Scratch Kitchen in Pembroke Pines, Florida between November 2021, and March 2023). *See* (ECF No. 10 at 3). To be clear, however, the Court reserves ruling on whether supplemental jurisdiction exists over Plaintiffs' state law claims pending a ruling on Defendants' Motion to Dismiss the Amended Complaint (ECF No. 21).

[4] The undersigned determines the Motions on the briefs and record before the Court. Accordingly, Plaintiffs' request for a hearing is **DENIED**. *See* (ECF No. 7 at 4).

**IV.  PLAINTIFFS' MOTION TO RECOGNIZE DEFENDANTS' UNFAIR ADVANTAGE IN REMOVAL TO FEDERAL COURT DUE TO PLAINTIFFS' INDIGENT STATUS AND LACK OF RESOURCES; AND APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF NOS. 13, 14)**

Plaintiffs also request that the Court find them indigent and without resources so as to be allowed to proceed without prepayment of fees/costs.  (ECF Nos. 13, 14).  As discussed above, *supra* section III, there is no legal or procedural basis to remand this case to State Court.  Nor is there a financial basis requiring remand of the case.  Accordingly, Plaintiffs' Motion to Recognize Defendants' Unfair Advantage in Removal to Federal Court Due to Plaintiffs' Indigent Status and Lack of Resources (ECF No. 13) is **DENIED**.

That said, however, Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 14) has merit.  More specifically, Plaintiffs allege that that they have no income or assets, are unemployed, have no savings, and were found indigent by the State Circuit Court.  *See generally* (ECF No. 14).  Defendants removed this case to federal court and paid the $405 filing fee for removal.  (ECF No. 1).  Thus, at this time, the Court is unaware of any specific fees/costs that Plaintiffs may have incurred in pursuing this case.  As the litigation progresses, however, pro se Plaintiffs might seek to obtain copies of Court filings and the case docket, which typically carry a fee.  Based on Plaintiffs' representations regarding limited income/assets, unemployment, and finding of indigency in the prior State Court proceedings, *see generally* (ECF No. 14), the undersigned finds that Plaintiffs should be permitted to proceed in this federal litigation without prepaying fees or costs.  Accordingly, Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 14) is **GRANTED**.

Relatedly, pro se Plaintiffs are advised that they may obtain Court filings and the case docket free of charge by requesting a copy in person at the Fort Lauderdale Courthouse.  For any such request, Plaintiff must provide the Clerk of Court with a copy of this Order.  Plaintiffs,

however, are reminded that their Consent to Receive Notices of Electronic Filing (ECF No. 15) (the "Consent") confirms Plaintiffs' understanding that "hard paper copies [of filings] will no longer be sent by the Court or opposing counsel." (ECF No. 15 at 1). Plaintiffs should fully familiarize themselves with the Consent and the obligations thereunder.[5]

### V.     PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 26)

Most recently, Plaintiffs filed a Motion for Summary Judgment. *See* (ECF No. 26). Based on a review of the record, the status of the litigation, and without the need for a response from Defendants, this Motion is denied as premature and procedurally deficient.

Plaintiffs' Motion for Summary Judgment is premature considering Defendants' pending Motion to Dismiss the Amended Complaint for failure to state a claim. (ECF No. 21). Plaintiffs' Motion is also procedurally deficient, containing conclusory allegations and lacking legal/factual support as required under Federal Rule of Civil Procedure 56. Lastly, Plaintiffs' Motion for Summary Judgment is contradicted by Plaintiffs' requests for production of documents, which confirms that discovery remains outstanding and summary relief at this stage of the litigation is inappropriate. *See* (ECF No. 27 at 3-7). Accordingly, Plaintiffs' Motion for Summary Judgment (ECF No. 26) is **DENIED WITHOUT PREJUDICE**, subject to refiling at the appropriate stage of the litigation.

---

[5] Plaintiffs can also "receive one free electronic copy, via the notice of electronic filing (which is a hyperlink to the document in PACER) or notice of docket activity, of all documents filed electronically. This is known as 'one free look' and provides [Plaintiffs] the ability to view, print, or download the document . . . . This is explained in Section 3K(2) of this Court's CM/ECF Administrative Procedures (httns://www.flsd.uscourts.cov/nolicies-nrocedures) and via the PACER website (httns://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees)." (ECF No. 7 at 10).

VI. **DEFENDANTS' MOTION TO DISMISS (ECF NO. 6)**

Shortly after removing the case to federal court, Defendants filed a Motion to Dismiss. *See* (ECF No. 6). Plaintiffs have since filed an Amended Complaint (ECF No. 10). Accordingly, Defendants' Motion to Dismiss is **DENIED AS MOOT**. Defendants' subsequent Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 21) remains pending before the Court and will be addressed in a separate order.

VII. **PROCEDURES FOR PRO SE LITIGANTS**

The undersigned recognizes Plaintiffs' pro se status and purported lack of familiarity with ligating in federal court. Thus, to assist pro se Plaintiffs on the process of litigating before this Court, Plaintiffs should review the pamphlet for Pro Se Filers available on the Court's website and attached as an Exhibit to this Order. *See* https://www.flsd.uscourts.gov/filing-without-attorney. Ultimately, although pro se pleadings are held to a less stringent standard than attorneys, pro se litigants **must** still comply with procedural rules. *Dish Network L.L.C. v. Kushner*, No. 14-CV-60644, 2014 WL 12589141, at *1 (S.D. Fla. Dec. 2, 2014) (citations omitted). Accordingly:

1. Plaintiffs must familiarize themselves with the Court's rules and procedures, including the Federal Rules of Civil Procedure, Local Rules, and the Policies and Procedures for CM/ECF, all available on the Court's website: https://www.flsd.uscourts.gov.

2. Plaintiffs shall serve upon Defendants (or their respective counsel, if applicable) and Defendants shall serve upon Plaintiffs, copies of all further pleadings or other documents submitted for consideration by the Court. Plaintiffs shall include with each pleading, motion, or other paper submitted to be filed, a certificate of service stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendants or counsel for Defendants. If any pleading, motion, or other paper

submitted to the Court does not include a certificate of service, it will be stricken by the Court.

3. No original pleading or document shall be sent directly to a Judge or Magistrate Judge of this Court. Any paper submitted directly to a Judge or Magistrate Judge rather than to the Clerk will be disregarded by the Court. To be clear, Plaintiffs are cautioned to refrain from extraneous and impermissible letters to the Court. *See, e.g.*, (ECF No. 27) (11/5/2024 letter included with Plaintiffs' Motion for Summary Judgment). Any motions or requests for relief must be made in accordance with the Rules of Civil Procedure and the Local Rules of the Court.

4. Plaintiffs must review Rule 26(a) of the Federal Rules of Civil Procedure, which lists the various forms of discovery available in civil cases. Relatedly, contrary to Plaintiffs' assertion that they will file several discovery requests, *see* (ECF Nos. 7 at 5, 27 at 3-7), Local Rule 26.1(b) **prohibits** the practice of filing discovery materials, including initial and expert disclosures, discovery requests, responses, and notices with the Court unless and until the materials are to be used in the proceeding (as, for example, in a motion to compel better responses to discovery) or the Court orders otherwise.

5. Plaintiffs must actively pursue this case, obtain any essential discovery, file all necessary pleadings and motions, comply with all scheduling orders, and prepare the case for trial. Failure to do so may result in dismissal of the case for lack of prosecution. Nevertheless, Plaintiffs are cautioned against duplicative, unnecessary, and vexatious motion practice. *Riess v. Greenfield USA Wholesale, LLC*, No. 14-CV-61968, 2015 WL 12532744, at *1 (S.D. Fla. Oct. 19, 2015).

6. Plaintiffs are advised that at the conclusion of the case, the Court may impose costs against the losing party or parties. If Plaintiffs win the case, such an order may allow Plaintiffs to recover certain authorized costs, such as service of process by the U.S. Marshal or other items listed in 28 U.S.C. § 1920. Otherwise, any costs and fees incurred by the U.S. Marshal on Plaintiffs' behalf may be properly billed to Plaintiffs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on November 7, 2024

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Melissa Damian
    All Counsel of Record

Kathleen Edwards and Sean Langshaw, *Pro se*
4922 SW 159 Avenue
Miramar, FL 33027
KTE@Sdlangshaw.com
SDL@Sdlangshaw.com