UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61818-CIV-DAMIAN

KATHLEEN EDWARDS, *et al.*,

    Plaintiffs,

v.

DARDEN GROUP, INC., *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER

**THIS CAUSE** came before the Court upon review of the Honorable Alicia O. Valle's Paperless Report and Recommendation to District Judge, signed on December 18, 2024 [ECF No. 47 (the "Report")], and a *sua sponte* review of the record. The parties' objections to the Report, if any, were due January 2, 2024. However, no parties filed any objection, and the time for doing so has expired. *See generally* docket.

THE COURT has reviewed the Report, the pertinent portions of the record, and relevant authorities and is otherwise fully advised. For the reasons set forth below, this Court finds that, to the extent Plaintiffs have moved for certification of an interlocutory appeal under the collateral order doctrine, that relief is due to be denied, and the motion to stay pending appeal is likewise due to be denied.

### I. PROCEDURAL HISTORY

*Pro se* Plaintiffs, Kathleen Edwards and Sean Langshaw, filed a Notice of Appeal on November 27, 2024 [ECF No. 39 (the "Notice")]. In the Notice, Plaintiffs aver that "[i]mmediate appellate review is necessary" and "notice" that they appeal from Magistrate Judge Valle's rulings in ECF Nos. 29 and 38, arguing that such an appeal "meet[s] the

criteria" of the collateral order doctrine. *See* Notice at 2, 3. Plaintiffs purport to appeal Judge Valle's rulings concerning "the adequacy of service and procedural compliance [with state law]." *See* ECF No. 42. Liberally construing this statement, the Court finds that Plaintiffs intend to appeal Judge Valle's rulings in the Omnibus Order on Procedural Motions [ECF No. 29 (the "Omnibus Order")]. As is relevant here, the Omnibus Order denied Plaintiff's Motion for Sanctions [ECF No. 1-1 at 93-100] and denied Plaintiff's various motions to remand to state court [ECF Nos. 7, 9, 11, and 13] on the basis that Plaintiffs had advanced only frivolous arguments supporting their contention that the instant case should be remanded to state court (and their corollary contention that Defendants be sanctioned for having removed the action in the first place).

On December 6, 2024, Plaintiffs also filed a Motion to Stay All District Court Proceedings Pending Appellate Review [ECF No. 42], in which they request "an order staying all proceedings in this case."

In the Report, Judge Valle recommends that the Court "(i) grant Plaintiffs' request for a stay pending appeal [*i.e.*, ECF No. 42]; and (ii) deny all pending motions without prejudice pending the Eleventh Circuit mandate on the appeal." *See* Report. The Report did not address whether Plaintiff's interlocutory appeal should be certified under the collateral order doctrine. Because this Court finds that the appeal should not be certified, the Court does not adopt the Report.

## II.   LEGAL STANDARDS

Because there has been no judgment in this case that ends the litigation on the merits, *see generally* docket, any appeal in this case would necessarily be interlocutory at this stage in

the proceedings. Plaintiffs cite the collateral order doctrine as support for their right to appeal at this stage. *See* ECF No. 42. Under the collateral order doctrine, a party may appeal an interlocutory, non-final ruling without waiting for a final determination of the underlying case if certain conditions are met. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 100 (2009); *SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1282 (11th Cir. 2021).

"In order to fall within the collateral order doctrine and be immediately appealable, a non-final order must satisfy three conditions. The order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *SmileDirectClub*, 4 F.4th at 1278 (quotations and citations omitted). "A party asserting that an issue is important for purposes of the collateral order doctrine faces a high bar." *Acheron Capital, Ltd. v. Mukamal as Tr. of Mut. Benefits Keep Policy Tr.*, 22 F.4th 979, 989 (11th Cir. 2022).

Importantly, generally the District Court must certify that an immediate appeal is available on an interlocutory basis. *See Swint v. Chambers Cnty. Com'n*, 514 U.S. 35, 36 (1995) (". . . 28 U.S.C. § 1292(b) confers on district courts first line discretion to certify for immediate appeal interlocutory orders deemed pivotal and debatable; this provision grants to the court of appeals discretion to review only orders first certified by the district court."). The Supreme Court has cautioned that the stringent conditions necessary for the collateral order doctrine to apply serve "the sensible policy of avoiding the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise." *Will v. Hallock,* 546 U.S. 345, 349-50 (2006) (internal quotation marks omitted and alterations adopted).

Moreover, a stay of all proceedings in this Court is not automatic when a motion for interlocutory appeal is filed. "In general, interlocutory appeals are disfavored. . . . [And b]ecause this type of appeal is rarely granted by appellate courts, district courts disfavor a stay of district-court proceedings . . . ." *Bacon v. Stiefel Labs., Inc.*, 837 F. Supp. 2d 1280, 1282 (S.D. Fla. 2011) (King, J.) (citations omitted).

### III.   ANALYSIS

#### A. *Collateral Order Doctrine*

This Court has reviewed Plaintiffs' putative appeal and finds that it fails under the collateral order doctrine. The Eleventh Circuit has held that an order denying a motion to remand to state court is not a final judgment and is subject to review on appeal from a final judgment:

> [T]he district court's remand order does not meet either definition of final judgment. First, the remand order did not end the litigation on the merits. . . . Second, [plaintiff] filed this action seeking relief in the form of benefits and a declaration that he is entitled to future benefits. The district court has not disposed of all of [plaintiff's] prayers for relief. . . . the district court's remand order will remain subject to review after a final judgment is rendered. Thus, we hold that the district court's remand order does not fall within the collateral order exception to the finality rule.

*Shannon v. Jack Eckerd Corp.*, 55 F.3d 561, 563–64 (11th Cir. 1995).

In order to qualify under the collateral order doctrine, a non-final order must be effectively unreviewable on appeal from a final judgment. Because, according to *Shannon*, Judge Valle's orders concerning remand (including her order denying sanctions for Defendants having removed this action to federal court) are reviewable on appeal from a final judgment, Plaintiffs' appeal does not fall within the collateral orderdoctrine.

### B. Frivolity

Consistent with Judge Valle's rulings, *see* ECF No. 29, this Court also finds that Plaintiffs have advanced only frivolous arguments as to why this matter should be remanded to state court. *See* ECF No. 7 at 2 (misunderstanding that a federal court can exercise supplemental jurisdiction when a complaint touches on both state and federal law); ECF No. 7 at 4 (labeling a timely removal as an impermissible "delay tactic" and "fail[ure] to address the merits" without citing any authority stating why a timely removal would qualify as such); ECF No. 9 (arguing that financial circumstances prevent Plaintiffs from litigating in federal court while simultaneously requesting free, electronic access to the federal docket); ECF No. 11 (arguing, without any legal support, that Defendants' contention that Plaintiffs have misidentified the proper identity of a defendant is cause for remand). All of these arguments lack merit and objectively have no chance of success on appeal.

Plaintiffs have moved to appeal *in forma pauperis*. By statute, however, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An application to appeal *in forma pauperis* may therefore be denied "if it appears—objectively—that the appeal cannot succeed as a matter of law." *DeSantis v. United Technologies Corp.,* 15 F.Supp.2d 1285, 1289 (M.D. Fla. 1998) *aff'd*, 193 F.3d 522 (11th Cir. 1999); *see also Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (explaining that a case is frivolous for *in forma pauperis* purposes if it appears there is "little or no chance of success"). Even if an appeal were somehow proper under the collateral order doctrine, this Court finds, based on a review of their previous filings on these issues in this case, that the issues to be raised in Plaintiffs' appeal are frivolous and, therefore, that Plaintiffs are precluded

from taking the appeal *in forma pauperis*, which they aver is their only option. *See* ECF No. 44 ("Plaintiffs-Appellants are unable to afford appellate filings fees due to financial hardship . . . .").[1]

As such, finding that Plaintiffs' appeal is not taken in good faith, this Court denies Plaintiffs' request for leave to appeal *in forma pauperis*.

### C. Potential Stay

Because binding precedent from the Eleventh Circuit prevents this Court from certifying an appeal under the collateral order doctrine, and there is no evidence in the record that Plaintiffs have petitioned the Eleventh Circuit for a writ of mandamus, *see, e.g.*, *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380 (2004), there is no appeal pending and therefore no reason that this Court should stay the case. As such, Plaintiffs' Motion to Stay will also be denied.

### IV. CONCLUSION

For the reasons stated above, this Court finds Plaintiffs have not demonstrated they are entitled to proceed with an interlocutory appeal under the collateral order doctrine, and, therefore, a stay is not warranted. Accordingly, it is hereby

**ORDERED** that the Report **[ECF No. 47]** is **ADOPTED IN PART** insofar as the Magistrate Judge's findings that the Plaintiffs' bases for seeking remand are frivolous. To the extent Plaintiffs have moved to certify an appeal of ECF Nos. 29 and 38, that relief **[ECF No. 39]** is **DENIED**, and no appeal is certified. It is further

---

[1] What's more, the Federal Rules of Appellate Procedure prohibit an appeal taken on a frivolous basis. *See* Fed. R. App. P. 38.

**ORDERED** that in light of the foregoing, Plaintiffs' Motion to Proceed *In Forma Pauperis* on Appeal **[ECF No. 44]** is **DENIED**. This Court certifies that the asserted grounds for the appeal are frivolous. It is further

**ORDERED** that Plaintiffs' Motion to Stay **[ECF No. 42]** is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 24th day of January, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record
      Magistrate Judge Alicia O. Valle

      Kathleen Edwards and Sean Langshaw, *Pro se*
      4922 SW 159 Avenue
      Miramar, FL 33027
      KTE@Sdlangshaw.com
      SDL@Sdlangshaw.com